UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v().                                                  Criminal Case No. 20-20519

Jason Nash,                          Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION

Defendant Jason Nash ("Defendant") is charged with being a felon in possession of a firearm. Pretrial Services recommended detention and, after holding a detention hearing, the magistrate judge ordered Defendant detained pending trial. While detained, Defendant had a heart-related issue and received treatment at a local hospital. Thereafter, he filed an "Emergency Motion For Revocation Of Detention." A hearing was held on December 11, 2020. For the reasons set forth below, the Court DENIES the motion.

### BACKGROUND

In this criminal action, Defendant was charged with one count of being a felon in possession of a firearm by way of a Criminal Complaint issued on September 23, 2020.

The Pretrial Services Report states that Defendant reported no medical issues or health concerns. Pretrial Services recommended that Defendant be detained pending trial, concluding that Defendant is both a flight risk and a danger to the community. (*See* Pretrial Services Report). Pretrial Services concluded that Defendant poses a risk of nonappearance due to: 1) the offense charged; 2) his substance abuse history; 3) his criminal history, including failure to

appear; 4) his use of aliases or false identifications; and 5) his criminal activity while under supervision.  Pretrial Services concluded that Defendant poses a risk of danger due to: 1) the nature of the instance offense; 2) his prior arrests and convictions; 3) his substance abuse history; 4) safety concerns for the community; and 5) his criminal activity while under supervision.

Magistrate Judge Patricia Morris held a detention hearing on October 9, 2020.  Thereafter, she issued an Order of Detention Pending Trial (ECF No. 8), finding that there are no conditions or combination of conditions that would ensure the safety of the community or Defendant's appearance.  She noted that the reasons for detention include: 1) the weight of evidence against the defendant is strong; 2) Defendant is subject to a lengthy period of incarceration if convicted;  3) Defendant's prior criminal history; 4) his participation in criminal activity while on probation, parole, or supervision; 5) his prior failure to appear in court as ordered; and 8) his prior violations of probation, parole, or supervised release.

On November 16, 2020, Defendant filed an "Emergency Motion For Revocation Of Detention." (ECF No. 18).  It states that on November 9, 2020, while in custody, Defendant was rushed to McLaren Hospital in Port Huron, Michigan, for a heart-related issue.  It states that he was admitted, treated for approximately 48 hours, and then released on November 11, 2020. Defendant's motion asserts that "based on Mr. Nash's emergency medical condition, there is certainly no present danger to the community."  (Def.'s Br. at 15).

Defendant's motion also states that Defendant is now offering a third-party custodian, Mercede Calvin, a "long-time family friend of the Nash family."  The motion asserts that she is "a respected member of the community, is employed in the medical field,[1] with no prior criminal

---

[1] At the December 11th hearing, the Court was advised that Ms. Calvin is a certified nursing assistant.

convictions." (Def.'s Br. at 2). Defendant's motion also notes that this case was originally a state matter and states that he was on pretrial release without incident during an approximately two-month period while it was a state matter. He also states that he voluntarily surrendered when the criminal complaint was filed in this matter.

After filing his motion, Defendant filed medical records under seal, which this Court has carefully reviewed. (ECF No. 22). Defendant later filed a reply brief, advising the Court that Defendant has recently tested positive for COVID-19.

The Government opposes Defendant's motion. The Government does not dispute that Defendant recently had a heart-related issue, after working out, but contends that there is no evidence, or even a suggestion, that his medical needs are not being met while in detention. It contends that Defendant's recent hospital visit, and his more recent COVID-19 test result, do not change the danger he poses or his risk of nonappearance. The Government states that Defendant was discharged from the hospital and his only follow-up instructions were to see his primary care provider. It contends that there has been no showing that Defendant requires any medical treatment that is not adequately being provided to him during his detention.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

**A.**     **Nature And Circumstances Of The Charge**

The offense charged in this case is serious. Defendant is charged with being a felon in possession of a firearm. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (noting that felon in possession is a serious offense.) Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1). This factor weighs in favor of detention.

**B.**     **Defendant's History And Characteristics**

Defendant's history and characteristics demonstrate that he is a continuing danger to the community. Defendant is only 36 years old, yet has a lengthy criminal history, and one that includes multiple incident of domestic violence and drug dealing. He has a history of engaging in criminal activity while under supervision.

**C.**     **Weight Of The Evidence Against Defendant**

The weigh of the evidence of Defendant's dangerousness is substantial. *Stone,* 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.") Defendant's criminal history includes drug dealing and domestic violence and his current offense involved possessing a loaded firearm. In addition,

Defendant's criminal conduct shows no signs of abating.

**D.      Nature And Seriousness Of Danger Posed By Defendant's Release**

Finally, Defendant's release would pose a serious danger to the community. Defendant is only 36 years old, yet has a lengthy criminal history. He has a history of substance abuse. The nature of the instant offense, Defendant's prior arrests and convictions, including drug dealing and domestic violence, and engaging in criminal activity while under supervision, weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of the Court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

## CONCLUSION

Weighing all of these factors, this Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. The Court **ORDERS** that Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 16, 2020